We'll hear argument next in the case of Dotson v. Faulkner. Mr. Small. Please proceed, Mr. Small. Thank you, Your Honor. Good morning, Your Honors. It may please the Court, my name is Scott Small. I, along with my co-counsel, Jude Witkowski, will be arguing on behalf of Appellant Lanita Dotson. I will be handling the scope of employment issue. The first question that this Court needs to address today is whether or not... Why is this issue present? Sorry? Why is this issue present? Why does scope of employment matter, given the identity of the defendants? Scope of employment matters, Your Honor, because the Wisconsin State Indemnification Statute requires that... No, listen. Listen to my question. Why does it matter, given the identity of the defendants? The District Court said it doesn't matter because the potential indemnifier is not a party. Your brief completely ignores the ground on which the District Court decided this issue. And now I'm asking you to address it. The District Court, Your Honor, thank you. Denied Ms. Dotson's ability to argue the issue of scope of employment in part because the District Court believed that the incorrect parties were named in the lawsuit in general, but also that the state actors were dismissed from the case. However, the claim itself... The indemnitor would be the employer. Scope of employment matters when the employer is asked to indemnify. The employer is not a party. That's your problem. There is case law, Your Honor, and I know that it was not referenced in the brief. I'd be happy to supplement the record with that. It's too late now. The issue of scope of employment itself is not the claim. It's the theory of liability that we bring to enforce the judgment that we already have in default against the defendant, Appellee James Faulkner. If you're going to try to collect the judgment from someone who is not now a party, you need to file a separate piece of litigation against that person. In that suit, scope of employment might matter. In a bankruptcy of Faulkner, scope of employment might matter. You might ask the bankruptcy judge to assign Faulkner's rights to your client, but none of that matters to this suit, and this suit is the only one that is before us. Your Honor, we disagree with that analysis of when scope of employment would apply to a certain claim and when it would apply to a certain judgment. Our research in case law indicates that scope of employment is something that can be brought up at any point in time throughout the litigation, including at the damages hearing. That would be interesting if you had raised such an argument in your brief, but you did not. It has been forfeited. It's a perfectly normal consequence of failing to argue a point in a brief. If you think the district court has made a mistake, you must address that in your brief. You don't simply ignore it and go on as before. That's unprofessional conduct. Your Honor, the district court declined to even rule on the issue of scope of employment. And he gave a reason that the employer was not a party. And if you think that reason is incorrect, you must address it in your brief rather than ignore it. The question that we're asking this court to decide, Your Honor, is whether or not she should even have the opportunity to decide on scope of employment. We're not going to address it, counsel, because it wasn't raised in your brief. I hope you're getting the point by now. I understand, Your Honor. I will reserve the rest of my argument for... There is nothing else for you to argue. Mr. Witkowski. Thank you. Thank you, Your Honors. I may please the court. My name is Attorney Jude Witkowski, and as Attorney Small stated, I'm here on behalf of the appellant addressing the remaining issues before us today. I would like to start with the admissibility of Expert Dr. Leighton Thole's sworn statement, specifically as it pertains to Chapter 28, Section 1746. What's the standard of review? The standard of review here is substantial compliance. Why not abuse of discretion? Oh, I'm sorry. The standard of review is abuse of discretion. That is correct. I mean the standard of essentially whether or not a sworn statement is allowed and acceptable pursuant to Section 1746, that being substantial compliance. Wouldn't that be... Substantial compliance is the statutory standard for the district court. My colleague is asking you about the standard of appellate review. Yes, Your Honor. May you please rephrase the question, please? I'm sorry? May you please rephrase the question, please, one more time? All right. So the parties suggest that when we're looking at this issue under 1746, that our standard of review for determining whether or not the district court was correct in not admitting it is de novo. Certainly. And we are saying... My question is asking, should we be using de novo review or abuse of discretion? It's an abuse of discretion standard, Your Honor. And here we believe that the lower court abused its discretion when they denied, essentially stating that the sworn statement was not in substantial compliance with 1746. Aren't we going to engage in a slightly different view if it's, for example, a pro se declaration versus Mr. Seifert's declaration? I wouldn't say a slightly different view. Perhaps there may be an intrinsic higher standard for somebody in a situation where they are more familiar with submitting these types of statements. But, I mean, federal courts get hundreds of these declarations filed every day, every week, without 1746 problems. This is the problem for this case. Is there the issue with regard to the use of the word true and correct in this particular case? Yes, that seems to be the sole issue with regard to the sworn statement, is that the true and correct does appear in a paragraph instead of the beginning. But it's this very court that said that these hyper technicalities are not things that should be fixated on. And that goes to my question about pro se versus a lawyer. Lawyers who file these every day in every federal court across the country don't have this problem. Why does that problem exist here? Honestly, Your Honor, I did not draft it. I don't. The language was saying it was true and correct as it pertains to the expert report into the plan. That was why Dr. Latenthal was retained in the first place. The truth is of her statement that she was making within the plan. The judge gives you 14 days to make sure that it's in compliance. Under penalty of perjury, true and correct. How did the district judge abuse their discretion in not admitting this document? We believe that this was a narrow interpretation of 1746 and that it was, well, as I said, narrow. We viewed case law across the country through several circuits and district courts. And there's variations all across the nation which determine what is true and correct, what must be deemed true and correct. Some case that we see, I believe it was cited in Roy v. Ivy where it just, there were ideas that it just needed to say that the statement was true. And what the nexus of this report and this plan. Has our circuit answered this question already? I believe your circuit has spoken as to the rigidity and its, I would say, reluctance to a narrow interpretation based upon its opinion in Field v. Rogers. However, on this precise issue in this case, no. If I may, I'd like to continue to move on to our next pressing issue. That being the present day value calculation submitted by attorney. I'm sorry before we move away from the declaration. Is it your representation that penalty under penalty of perjury was also included? Within the sworn statement, W. Layton Thal under the penalty of perjury states the following is the language that was included. So we do see that. We do see a name. We do see a date. We do see the words true and correct as it refers to document one and that being the expert report plan. We see it where in the declaration? Yes. As I was. Present value calculation. Yes. So just for background setting, attorney Joseph Seifert was ordered by the law. We didn't ask for background. Your time has expired. You must answer the question. Otherwise, you are out of time. Yes, your honor. Thank you. This jurors. I have a simple question for you, which is why are you here? Since the appellants brief didn't ask for any relief against any of your clients. I think that's a very fair question, your honor. And ultimately, the reason that we're here relates to Dotson's late stage and improper attempt to litigate the indemnification claim. And so really, we're here to preserve our arguments that the district court was correct in holding that she cannot show any abuse of discretion by the district court declining to consider that. We know under 895-46, that being the Wisconsin statute, the state has an opportunity to be heard on questions of scope of employment. And so that's why we're here. Now, as to our arguments about the other issues, those are really preserving arguments in defense of the district court. Outcome is preserved. Fair enough. And so I don't intend to present, unless the court has any questions for me about those other points, I don't intend to present any arguments on those questions. Okay. Thank you very much. Thank you. Thank you. Mr. Small, technically you have time remaining, but you don't have an argument. Anything further you wish to say? Thank you. Thank you very much. The case is taken under advisement.